UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| EDWARD WHELAN, )<br>)<br>        Plaintiff    )<br>)<br>    v.    )<br>)<br>PORT AUTHORITY TRANS HUDSON CORP., )<br>)<br>        Defendant   ) | Civil Action Docket No. _____<br><br>JURY TRIAL REQUESTED |

## **COMPLAINT**

Plaintiff, by his attorneys, Flynn & Wietzke, PC, complains of the Defendant and alleges:

### **THE PARTIES**

1. The plaintiff is a resident of the State of New Jersey, County of Morris, and City of Lake Hiawatha.

2. The defendant is a railroad carrier corporation providing railroad transportation, in interstate commerce by rail and operates a railroad system and railroad yards within the jurisdiction of this Court and in various other States, with a usual place of business in New Jersey and New York.

3. Prior to July 3, 2014, and at all times hereinafter mentioned, the defendant employed the plaintiff as a maintainer under its direction, supervision and control and in furtherance of defendant's business in interstate commerce.

4. Prior to July 3, 2014, and at all times hereinafter mentioned, the defendant maintained, operated and controlled Journal Square Relay Room which contained defendant's tracks, rails, switches, sidings, roadbeds and appurtenances thereto, over, through and upon which the defendant operated engines, trains and cars under its control and direction.

5. During all times herein mentioned, the defendant is engaged in interstate commerce by providing railroad transportation among the states of New Jersey and New York.

## JURISDICTION AND VENUE

6. The plaintiff, Edward Whelan, brings the First Cause of Action against the defendant for violation of the Federal Employers' liability Act, 45 U.S.C. §56 et seq. (FELA).

7. This Court has subject matter jurisdiction in this case pursuant 45 U.S.C. §56.

8. Venue is proper in this District because a substantial part of the events or omissions giving rise to the claim occurred in this District, because defendant is subject to personal jurisdiction in this District, and because plaintiff resides in this District.

## FACTS

9. At the time of the defendant's FELA violations, the plaintiff was employed by the defendant as a maintainer, and qualified as an employee within the meaning of 45 U.S.C. § 51.

10. On July 3, 2014, the plaintiff was working as a maintainer when he was exiting the Journal Square Relay Room and tripped over a discarded third rail protection board left by a contractor.

11. Plaintiff landed on his hands and wrists and struck his head causing plaintiff to sustain a concussion.

12. As a result of defendant's conduct, the plaintiff suffered various physical, psychological and economic harms.

13. Plaintiff's physical injuries include, but are not limited to, dizziness and headaches which prevented him from performing his usual and customary activities and work.

## COUNT I
### Violation of FELA

14. The plaintiff adopts by reference and realleges each and every allegation set forth in the foregoing paragraphs of this Complaint with the same force and effect as if set forth under this cause of action.

15. This Cause of Action is brought under the Federal Employers' Liability Act, (45 U.S.C. Sec. 51 et seq.).

16. On or about July 3, 2014, while the plaintiff, an employee of the defendant, was in the performance of his duties as a maintainer at the Journal Square Relay Room in Jersey City, New Jersey, the defendant, its agents, servants and employees, so negligently and carelessly conducted themselves toward the plaintiff in failing to provide plaintiff with a reasonably safe place to work; in failing to warn plaintiff; in employing unreasonably unsafe procedures; in failing to maintain plaintiff's work place; failing to supervise its agents; in failing to clear work area of debris; and, so negligently failed and neglected to enact and enforce safety rules, regulations, procedures, and practices for activities carried out by its personnel at the said place, that all of the foregoing brought about severe and disabling injuries to plaintiff, including but not limited to his head, neck, vision and memory.

17. The relevant injuries occurred while the plaintiff was acting in the furtherance of interstate commerce or in work closely or substantially affecting the same.

18. The plaintiff was damaged thereby in the sum of $500,000.00.

WHEREFORE, plaintiff Edward Whelan demands judgment against the defendant on Count I in the sum of FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS; together with the costs and disbursements of this action.

Respectfully submitted

By: _____
MARC WIETZKE
FLYNN & WIETZKE, PC
1205 Franklin Avenue
Garden City, NY 11530
Tel.: (516) 877-1234
E-mail: MWietzke@felaattorney.com